1   **CHRISTENSEN JAMES & MARTIN**
    KEVIN B. CHRISTENSEN, ESQ. (175)
2   WESLEY J. SMITH, ESQ. (11871)
    LAURA J. WOLFF, ESQ. (6869)
3   7440 W. Sahara Avenue
    Las Vegas, Nevada 89117
4   Telephone:  (702) 255-1718
    Facsimile:  (702) 255-0871
5   Email: kbc@cjmlv.com, wes@cjmlv.com, ljw@cjmlv.com
    *Attorneys for Plaintiffs Board of Trustees of the*
6   *Painters & Floorcoverers Joint Committee, et al.*

7

8                   **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10                            * * * * *

11  BOARD OF TRUSTEES OF THE PAINTERS           CASE NO.:
    AND FLOORCOVERERS JOINT
12  COMMITTEE; BOARD OF TRUSTEES OF
    THE EMPLOYEE PAINTERS' TRUST;              **COMPLAINT FOR BREACH OF**
13  BOARD OF TRUSTEES OF THE PAINTERS,         **CONTRACT, PERSONAL**
    GLAZIERS AND FLOORCOVERERS JOINT           **LIABILITY, DEMAND FOR**
14  APPRENTICESHIP AND JOURNEYMAN              **RELIEF ON BONDS, and**
    TRAINING TRUST; BOARD OF TRUSTEES          **EQUITABLE RELIEF**
15  OF THE PAINTERS, GLAZIERS AND
    FLOORCOVERERS SAFETY TRAINING
16  TRUST FUND; BOARD OF TRUSTEES OF
    THE SOUTHERN NEVADA PAINTERS AND
17  DECORATORS AND GLAZIERS LABOR-
    MANAGEMENT COOPERATION
18  COMMITTEE TRUST; BOARD OF TRUSTEES
    OF THE SOUTHERN NEVADA GLAZIERS
19  AND FABRICATORS PENSION TRUST
    FUND; PDCA/FCA INDUSTRY PROMOTION
20  FUND; PAINTERS ORGANIZING FUND;
    BOARD OF TRUSTEES OF THE
21  INTERNATIONAL PAINTERS AND ALLIED
    TRADES INDUSTRY PENSION FUND;
22  BOARD OF TRUSTEES OF THE FINISHING
    TRADES INSTITUTE; PAINTERS AND
23  ALLIED TRADES LABOR-MANAGEMENT
    COOPERATION INITIATIVE,
24
                            Plaintiffs,
25
    vs.
26
27  PRACTICAL FLOORING, INC., a Nevada
28

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

corporation; DANETTE BORDLEMAY-
ROYBAL aka DANETTE ROYBAL, an
individual; LEO BERNARD ROYBAL, JR., an
individual; PLATTE RIVER INSURANCE
COMPANY, a Wisconsin corporation;
WESTERN SURETY COMPANY, a South
Dakota corporation; GREAT AMERICAN
INSURANCE COMPANY, an Ohio corporation;
DOES I-X, inclusive; ROE ENTITIES I-X,
inclusive,

Defendants.

The Plaintiffs, The Board of Trustees of the Painters and Floorcoverers Joint Committee; Board of Trustees of the Employee Painters' Trust; Board of Trustees of the Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust; Board of Trustees of the Painters, Glaziers and Floorcoverers Safety Training Trust Fund; Board of Trustees of the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust; Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund; Board of Trustees of the Southern Nevada Painters and Glaziers Market Recovery Trust Fund; PDCA/FCA Industry Promotion Fund; Painters Organizing Fund; Board of Trustees of the International Painters and Allied Trades Industry Pension Fund; Board of Trustees of the Finishing Trades Institute; and Painters and Allied Trades Labor-Management Cooperation Initiative ("Plaintiffs"), by and through their attorneys, Christensen James & Martin, Chtd., hereby complain, allege and assert as follows:

## JURISDICTION & VENUE

1.      This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil

actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.      This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.      To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiffs are administered, where the breach took place, and where the employer defendant resides or may be found.

**PARTIES**

5.      The Painters and Floorcoverers Joint Committee, Employee Painters' Trust, Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust, Painters, Glaziers and Floorcoverers Safety Training Trust Fund, Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, Southern Nevada Glaziers and Fabricators Pension Trust Fund, International Painters and Allied Trades Industry Pension Fund, and Finishing Trades Institute, (collectively the "Trust Funds") are each express trusts created pursuant to written declarations of trust ("Trust

Agreements"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3).

6.     The Board of Trustees and the individual Trustees of each of the Trust Funds is a "named fiduciary" within the meaning of 29 U.S.C. §1102(a), a "plan sponsor" within the meaning of 29 U.S.C. § 1002(16), and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21), with respect to collection of contributions due to the Trust Funds and related matters.

7.     The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), PDCA/FCA Industry Promotion Fund ("PIP"), and Painters Organizing Fund ("POF") are each an unincorporated association or fund to which the Defendants named herein are required to make monetary contributions pursuant to the terms of the Labor Agreement, as described below.

8.     Under the terms of the Labor Agreement (described below) and the Trust Agreement governing Plaintiff Painters and Floorcoverers Joint Committee ("Joint Committee"), the  Joint Committee is charged with adjusting all disputes and grievances that may arise out of the application or interpretation of the Labor Agreement, having access to all records pertaining to any case where violations of the Labor Agreement are involved, overseeing the collection of contributions to the Plaintiffs, conducting hearings concerning violations of the Labor Agreement, collecting fringe benefit contributions due to the Plaintiffs and wages due to employees performing work covered by the Labor Agreement, and taking court action to secure compliance with the Labor Agreement and to collect

amounts due. As such, the Joint Committee is authorized to act as collection agent for and on behalf of the other Plaintiffs and the employees of Practical Flooring covered by the Labor Agreement.

9. Defendant Practical Flooring, Inc. ("Practical Flooring") is a Nevada corporation doing business as a contractor in the State of Nevada under Nevada State Contractors Board License Nos. 0044954, 0044955 and 0039474A.

10. Defendant Practical Flooring is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

11. Defendant Danette Bordlemay-Roybal aka Danette Roybal ("D. Roybal") is an individual residing in Clark County, Nevada and is an owner, officer and director of Practical Flooring and a President and CMS Qualified Individual on its contractor's licenses.

12. Defendant Leo Bernard Roybal, Jr. ("B. Roybal") is an individual residing in Clark County, Nevada and is an owner and managing employee of Practical Flooring and a CMS and Trade Qualified Individual on its contractor's licenses.

13. Defendant Platte River Insurance Company ("PRIC") is a Wisconsin corporation authorized to do business in Nevada as a surety. PRIC issued to Practical Flooring NSCB Contractor License Bond Nos. 41250194 and 41250195, each in the amount of Twenty Thousand Dollars ($20,000.00) and effective March 27, 2012 through approximately March 2017 ("PRIC Bonds").

14. Defendant Western Surety Company ("WSC") is a South Dakota corporation authorized to do business in Nevada as a surety. WSC issued to Practical Flooring NSCB Contractor License Bond No. 63049914 in the amount of $20,000 and effective February 28, 2017 and NSCB Contractor License Bond No. 63049923 in the amount $20,000 and

effective March 3, 2017 ("WSC Bonds").

15.     Defendant Great American Insurance Company ("GAIC") is an Ohio corporation authorized to do business in Nevada as a surety. GAIC issued to Practical Flooring Employer Surety Bond No. E064853 in the amount of $50,000 and effective February 7, 2017 ("GAIC Bond").

16.     The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

## GENERAL ALLEGATIONS

17.     This case arises from and relates to a certain Floorcoverers Master Agreement ("Labor Agreement") between the International Union of Painters and Allied Trades, District Council 16 (formerly District Council 15), Floorcoverers Union Local No. 1512 (hereinafter "Union") and the Painting and Decorating Contractors of America, Southern Nevada Chapter ("PDCA").

18.     At all times material herein, the Union has been a labor organization representing employees in the floorcovering industries in Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

19.     At all times material herein, PDCA has been an organization representing management and employers in the construction industry in Southern Nevada.

20.     At all times material herein, Practical Flooring was and is a member of PDCA, assigned its bargaining rights to PDCA and authorized PDCA to negotiate and contract with the Union on its behalf, and was and is signatory to the Labor Agreement.

21.     Under the terms of the Labor Agreement, Practical Flooring was obligated to submit reports to and pay fringe benefit contributions to each of the Plaintiffs at specified rates for each hour worked by or paid to its employees for performance of labor covered by the Labor Agreement.

22.     Practical Flooring also agreed to be bound by the terms and provisions of each of the Trust Agreements utilized to create the Trust Funds, which are incorporated by reference in the Labor Agreement, and which are signed by the Union and PDCA on behalf of their members, including Practical Flooring.

23.     The Plaintiffs are intended beneficiaries of the Labor Agreement, particularly the provisions requiring monthly employer contributions to the Plaintiffs for the purpose of providing benefits to Practical Flooring's employees.

24.     The Labor Agreement and Trust Agreements provide that the Plaintiffs may undertake reasonable inquiry, including audit, of an employer's records insofar as may be necessary or appropriate to verify an employer's compliance with its obligations to the Trust Funds under the Labor Agreement.

25.     On November 17, 2015, the Plaintiffs, Practical Flooring, D. Roybal, and B. Roybal entered into an Amended Stipulation and Order for Entry of Judgment by Confession and an Amended Judgment by Confession ("COJ") in the amount of $52,620.33 ("Judgment Amount") to resolve contribution delinquencies owed to the Plaintiffs by Practical Flooring for work performed during the period of August 1, 2011 through September 30, 2015

("Judgment Period").

26.     The COJ required twenty four (24) monthly judgment payments in the amount of $1,107.48 to be applied to the Judgment Amount ("Judgment Payments"), with interest accruing on the Judgment Balance at seven percent. The COJ also required, as a material condition and in order to avoid further accrual of delinquencies, for timely payment of ongoing contribution obligations under the Labor Agreement ("Stay Current Payments").

27.     The COJ provided that upon payment of all Judgment Payments and Stay Current Payments, the amount of $27,884.70 would be waived ("Liquidated Damages Waiver"). However, if any such payment was not timely paid, the Liquidated Damages Waiver would automatically be revoked, subject only to the right to cure set forth in the COJ.

28.     The right to cure was set forth in Paragraph 12 of the COJ, which provided that the Plaintiffs would provide a written Notice of Default ("NOD") with ten days to cure the default.

29.     On April 15, 2016, the Plaintiffs mailed a NOD to Practical Flooring for failure to pay the Stay Current Payment for work performed by Practical Flooring employees in February 2016. Practical Flooring cured this default with payment on April 25, 2016, including payment of the $150 NOD charge.

30.     On August 31, 2016, the Plaintiffs mailed a NOD to Practical Flooring for failure to pay the Stay Current Payments for work performed by Practical Flooring employees in March 2016 through June 2016. This default was not cured within the ten day NOD cure period.

31.     Following this failure to cure, Plaintiffs filed a lawsuit in the United States District Court for the District of Nevada, Case No. 2:16-cv-2188-APG-GWF, seeking entry

of the COJ pursuant to the Stipulation for Entry of Judgment by Confession and the COJ terms as well as other claims for relief.

32.     In February 2017, the Plaintiffs agreed to accept from Practical Flooring payment for all unpaid Stay Current Payments for work performed by Practical Flooring employees through December 31, 2016 and to allow Practical Flooring to resume the payment plan under the COJ. On March 13, 2017, the Plaintiffs and Practical Flooring entered into and submitted a Stipulation and Order for Dismissal to the Court in Case No. 2:16-cv-2188-APG-GWF which formalized this agreement.

33.     On May 24, 2017, Plaintiffs mailed a NOD to Practical Flooring for failure to pay the Judgment Payment due on May 21, 2017 (payment number nineteen of twenty four) and for failure to pay Stay Current Payments for work performed by Practical Flooring employees in January 2017 to March 2017. The missing Judgment Payment was submitted on May 25, 2017, but the Stay Current Payments for January to March 2017 work were not timely cured within the ten day NOD cure period.

34.     On October 13, 2017, the Plaintiffs mailed another NOD to Practical Flooring for failure to pay Stay Current Payments for work performed by Practical Flooring's employees in April 2017 through August 2017. This default was not cured within the ten day cure period.

35.     Although the LD Waiver had already been automatically revoked pursuant to the terms of the COJ, the October 13, 2017 NOD expressly advised Practical Flooring that the LD Waiver had been revoked.

36.     In total, Practical Flooring submitted $26,579.46 in Judgment Payments which have been applied toward the original Judgment Amount of $52,620.33. Additionally,

$4,134.10 in interest has accrued on the Judgment balance (calculated through January 15, 2019) and $300 in unpaid notice of default charges have been added to the balance pursuant to the terms of the COJ. The total amount outstanding under the COJ is $30,474.97 ("COJ Delinquency"), exclusive of attorney's fees and costs incurred by the Plaintiffs to enforce the terms of the COJ and collect amounts owed thereunder. A detailed accounting of the amounts owed under the COJ is attached hereto as Exhibit 1, which is incorporated by reference as if set forth fully herein.

37.   In addition to the amounts owed under the COJ, Practical Flooring has other delinquencies.

38.   Through a payroll compliance review of Practical Flooring's payroll and related records for the period of April 1, 2016 through December 31, 2017 ("Audit Period"), it was determined that Practical Flooring incorrectly reported and paid contributions to the Plaintiffs in violation of the Labor Agreement and Trust Agreements during the Audit Period resulting in a delinquency to the Plaintiffs in the total amount of $21,750.14 ("Audit Delinquency"), including fringe benefit contributions ($8,278.24), wages ($2,878.03), interest ($962.46), liquidated damages ($3,098.91), audit fees and costs ($6,532.50).

39.   Additionally, Practical Flooring failed repeatedly and habitually to submit timely and complete payment of contributions to the Plaintiffs for work performed by its employees during the period of January 2017 through November 2018, resulting in the assessment of interest and liquidated damages pursuant to the terms of the Labor Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

40.   Due to Practical Flooring's repeated and habitual delinquencies, and the specific delinquencies described herein, the Plaintiffs have been forced to retain legal counsel

and incur substantial attorney's fees and costs to protect their rights and collect amounts owed under the Labor Agreement, Trust Agreements, ERISA, and the COJ. Plaintiffs' attorney's fees and costs incurred from January 1, 2017 through December 31, 2018 total $26,739.74.

41.     In summary, Practical Flooring owes $38,558.65 to the Plaintiffs for the Audit Delinquency and underpayment and late payment of contributions for the period of January 2017 to November 2018 ("Post-COJ Delinquency"). A detailed accounting of Practical Flooring's contribution and payment history, with late fee assessments of interest and liquidated damages and including the audit claims and attorney's fees and costs incurred, is attached hereto as Exhibit 2, which is incorporated by reference as if set forth fully herein.

42.     At all times material herein, Practical Flooring was obligated by the terms of the Labor Agreement to pay its employees performing covered labor minimum wage rates.

43.     Following review of Practical Flooring's payroll records and reporting, it has been revealed that Practical Flooring failed to pay minimum wage rates for covered labor performed by its employees, resulting in amounts owed for underpaid wages and contract damages in the amount of $64,943.27 ("Wage Delinquency").

44.     Practical Flooring has the obligation under the Labor Agreement, Trust Agreements and applicable law (29 U.S.C. § 1059) to keep and maintain payroll, wage, and other relevant records for work performed by its employees.

45.     Practical Flooring has failed to keep adequate records to justify any deviation from payment of the standard wage and contribution rates set forth in the Labor Agreement and as agreed by the bargaining parties.

46.     In total, Practical Flooring owes $30,474.97 under the COJ Delinquency, $37,261.90 for the Post-COJ Delinquency, and $64,943.27 for the Wage Delinquency, for a combined total delinquency of $132,680.14 ("Total Delinquency").

47.     At all times material herein, Defendants D. Roybal and B. Roybal were controlling shareholders, directors, officers, principals, agents and/or key employees of Practical Flooring, whose employment duties required decision making regarding the operations of each of the entities, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Plaintiffs for each hour of covered labor performed.

48.     Corporate officers are liable personally for contributions and related damages owed to the Employee Painters' Trust, as set forth in the *Employee Painters Trust Amended and Restated Trust Agreement*, Art. VIII, pp. 24-25:

> Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

49.     The delinquencies identified herein arose during the effective period of the PRIC Bonds, WSC Bonds, and GAIC Bond, are occurrences covered by the terms of the Bonds, and are properly payable out of the proceeds of the Bonds.

50.      Plaintiffs have requested that Practical Flooring make its records and payroll available for an audit for the period of January 1, 2018 to July 31, 2018. Practical Flooring has not provided the requested documents.

### FIRST CAUSE OF ACTION
[Entry of Amended Judgment by Confession - Practical Flooring, D. Roybal, B. Roybal]

51.      Plaintiffs restate and reallege the above allegations.

52.      Practical Flooring, D. Roybal, and B. Roybal have violated the terms of the COJ and failed to timely cure following Notice of Default.

53.      Entry of the COJ is appropriate at this time according to its terms and the Amended Stipulation for Entry of Judgment by Confession.

### SECOND CAUSE OF ACTION
[Breach of Written Labor Agreement and Trust Agreements for Payment of Contributions – Practical Flooring]

54.      Plaintiffs restate and reallege the above allegations.

55.      By the terms of the Labor Agreement and Trust Agreements, Practical Flooring was required to remit reports and contributions to the Plaintiffs for each hour of covered labor performed by its employees.

56.      Practical Flooring has breached the terms of the Labor Agreement and Trust Agreements by failing to remit contributions to the Plaintiffs when due as described herein and by failing to provide requested records for an audit.

57.      Pursuant to the Labor Agreement and Trust Agreements, Practical Flooring agreed that in the event of any delinquency, Practical Flooring would pay to the Plaintiffs, in addition to the delinquent contributions, i) interest thereon at the rates established by the Plaintiffs, or at the legal rate, whichever is greater; ii) liquidated damages at the rates established by the Plaintiffs; and iii) all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced.

58.     Pursuant to the Labor Agreement and Trust Agreements, Practical Flooring owes the Plaintiffs contributions calculated or measured by all hours of covered labor performed by its employees, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, liquidated damages at the rates set forth in the Trust Agreements or otherwise allowed by law, reasonable attorney's fees, court costs, and auditing fees and costs incurred by the Plaintiffs as a result of the breaches described herein.

59.     Pursuant to the Labor Agreement and Trust Agreements, the Plaintiffs are entitled to an order requiring Practical Flooring to provide its records and payroll for an audit for the period of January 1, 2018 forward.

60.     Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial.

### THIRD CAUSE OF ACTION
[Violation of ERISA – 29 U.S.C. § 1145 – Practical Flooring]

61.     Plaintiffs restate and reallege the above allegations.

62.     29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

63.     The Labor Agreement is a collectively bargained agreement and Practical Flooring was obligated contribute to the Plaintiffs pursuant to that agreement.

64.     The Defendants' actions in failing to submit reports, pay required contributions, and provide records for an audit, as described herein, constitute violations of ERISA, 29 U.S.C. § 1145.

65.     Practical Flooring's violation of 29 U.S.C. § 1145 entitles the Plaintiffs to recover liquidated damages, interest, attorney's fees and costs, and audit fees and costs under 29 U.S.C. § 1132(g)(2).

66.     The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk their ability to provide required employee benefits to their beneficiaries.

67.     The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

68.     Plaintiffs are likely to prevail on the merits of their claims.

69.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs are entitled to injunctive relief affirmatively compelling Defendants to submit written reports to the Trusts on a timely basis showing the identities of all employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees, timely pay fringe benefit contributions to the Plaintiffs on a monthly basis and at specified rates for each hour worked by or paid to its employees covered by the Labor Agreement when they become due, pay Plaintiffs all past due contributions and related damages, and provide payroll records for an audit.

**FOURTH CAUSE OF ACTION**
[Breach of Written Trust Agreement – D. Roybal]

70.     Plaintiffs restate and reallege the above allegations.

71.     D. Roybal signed documents on behalf of Practical Flooring binding Practical Flooring to the Labor Agreement.

72.     The Labor Agreement incorporates the terms of the Trust Agreement governing the Employee Painters' Trust.

73.     The Trust Agreements the Employee Painters' Trust contains an express provision imposing personal liability for unpaid contributions and related damages on the

President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions. The provision specifically states:

> Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

*Employee Painters Trust Amended and Restated Trust Agreement*, Art. VIII, pp. 24-25.

74.     Defendant D. Roybal, by signing the documents binding Practical Flooring to the Labor Agreement and as the corporate officer of Practical Flooring responsible for payment of contributions by Practical Flooring to the Employee Painters' Trust, is personally liable for all contributions and related damages owed to the Employee Painters' Trust under the Labor Agreement, Trust Agreement, and 29 U.S.C. § 1132(g)(2).

75.     The Employee Painters' Trust is entitled to recover from D. Roybal a sum equal to the delinquency owed to Employee Painters' Trust by Practical Flooring in an amount to be established by proof at trial.

**FIFTH CAUSE OF ACTION**
[Breach of Written Labor Agreement for Wages – Practical Flooring]

76.     Plaintiffs restate and reallege the above allegations.

77.     Under the terms of the Labor Agreement and the Trust Agreement governing Joint Committee, the Joint Committee is charged with collecting wages due to employees performing work covered by the Labor Agreement and taking court action to secure compliance with the Labor Agreement and to collect amounts due.

78.     By the terms of the Labor Agreement, Practical Flooring was required to pay its employees wages at the rates set forth in the Labor Agreement or by agreement between the bargaining parties for each hour of covered labor performed by its employees.

79.     Practical Flooring has breached the terms of the Labor Agreement by failing to pay wages to its employees at the rates set forth in the Labor Agreement or by agreement between the bargaining parties.

80.     Pursuant to the Labor Agreement, the Joint Committee is entitled to collect from Practical Flooring all unpaid wages on behalf of Practical Flooring's employees.

## SIXTH CAUSE OF ACTION
[Demand for Relief on License Bonds Pursuant to NRS 624.273 – PRIC & WSC]

81.     Plaintiffs restate and reallege the above allegations.

82.     PRIC and WSC issued certain licensing bonds to Practical Flooring.

83.     The proceeds of the PRIC and WSC Bonds are payable to the Plaintiffs in satisfaction of the amounts owed to the Plaintiffs for covered labor by Practical Flooring employees.

84.     Plaintiffs are intended third party beneficiaries under the PRIC and WSC Bonds.

85.     Plaintiffs' claims, as set forth herein, are covered by the PRIC and WSC Bonds and PRIC and WSC should pay any remaining proceeds on the Bonds to Plaintiffs in partial satisfaction of the claims asserted herein.

## SEVENTH CAUSE OF ACTION
[Demand for Relief on Benefits Bond – GAIC]

86.     Plaintiffs restate and reallege the above allegations.

87.     GAIC issued the Benefits Bond to Practical Flooring for the benefit of the Plaintiffs for the purpose of securing payment of contributions to the Plaintiffs pursuant to the Labor Agreement.

88.    The proceeds of the GAIC Bond are payable to the Joint Committee, on behalf of the Plaintiffs, in satisfaction of the amounts owed to the Plaintiffs for covered labor by Practical Flooring employees.

89.    Plaintiffs are intended third party beneficiaries under the GAIC Bond.

90.    Plaintiffs' claims, as set forth herein, are covered by the GAIC Bond and GAIC should pay the proceeds on the GAIC Bond to Plaintiffs in partial satisfaction of the claims asserted herein.

The Plaintiffs reserve the right to amend the Complaint to assert additional charging allegations, add or remove claims or causes of action, and to add or remove parties, consistent with the Federal Rules of Civil Procedure and as the Court may allow.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for Judgment, as follows:

1.    For the Court's Order enjoining Practical Flooring from failing to submit written reports to the Plaintiffs showing the identities of employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees, pay fringe benefit contributions to the Plaintiffs at specified rates for each hour worked by or paid to its employees covered by the Labor Agreement when they become due, pay Plaintiffs all past due contributions and related damages, and submit its payroll records for an audit;

2.    For entry of the Amended Judgment by Confession;

3.    For unpaid fringe benefit contributions in amounts to be proven at trial;

4.    For unpaid wages in amounts to be proven at trial;

5.    For damages for breach of contract in an amount to be proven at trial;

6.    For liquidated damages in an amount to be proven at trial;

7.    For accrued interest on all unpaid contributions and damages from their due dates until paid in an amount to be proven at trial;

8.      For audit fees and costs in an amount to be proven at trial;

8.      For attorney's and costs in an amount to be proven at trial;

9.      For payment to the Plaintiffs of the Bond proceeds in satisfaction of the amounts owed to the Plaintiffs for covered labor performed by Practical Flooring employees in an amount to be proven at trial;

10.     For such additional relief as may be provided by 29 U.S.C. § 1132(g); and

11.     For such additional relief as this Court may deem just and proper.

Dated this 10th day of January, 2019.

CHRISTENSEN JAMES & MARTIN

By:  /s/ Wesley J. Smith
     Wesley J. Smith, Esq.
     Nevada Bar No. 11871
     Email: wes@cjmlv.com
     7440 W. Sahara Avenue
     Las Vegas, Nevada 89117
     Ph: (702) 255-1718
     Fax: (702) 255-0871
     *Attorneys for Plaintiffs Board of
     Trustees of Painters &
     Floorcoverers Joint Committee, et
     al.*

# EXHIBIT 1

**Practical Flooring Amended COJ Summary as of 11/21/2015**

| | |
|---|---|
| Original COJ Judgment Balance as of 11/21/2015 | $ 23,735.63 |
| Attorney's Fees for Amended COJ Documents | $ 1,000.00 |
| Liquidated Damages from Original COJ | $ 16,586.25 |
| Liquidated Damages from March - Sept 2015 Work | $ 11,298.45 |
| Total Judgment Amount for Amended COJ | $ 52,620.33 |
| Conditional Waiver of Liquidated Damages | $ (27,884.70) |
| Total for Calculation of Monthly Payments | $ 24,735.63 |

**Payment Accounting under Amended Confession of Judgment  Signed November 2015**

| Payment No. | Balance | Start Date | Payment Date | Days of Interest | Interest Rate | Check No. | Payment Total | Accrued Interest on declining balance | Principal Paid down with payment | Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 24,735.63 | 11/21/2015 | 11/21/2015 | 0 | 7.00% | 32235 | $ 1,107.48 | $ - | $ 1,107.48 | $ 23,628.15 |
| 2 | $ 23,628.15 | 11/21/2015 | 12/21/2015 | 30 | 7.00% | 32362 | $ 1,107.48 | $ 135.94 | $ 971.54 | $ 22,656.61 |
| 3 | $ 22,656.61 | 12/21/2015 | 1/21/2016 | 31 | 7.00% | 32498 | $ 1,107.48 | $ 134.70 | $ 972.78 | $ 21,683.83 |
| 4 | $ 21,683.83 | 01/21/2016 | 2/21/2016 | 31 | 7.00% | 32604 | $ 1,107.48 | $ 128.91 | $ 978.57 | $ 20,705.27 |
| 5 | $ 20,705.27 | 02/21/2016 | 3/21/2016 | 29 | 7.00% | 32749 | $ 1,107.48 | $ 115.16 | $ 992.32 | $ 19,712.94 |
| 6 | $ 19,712.94 | 03/21/2016 | 4/21/2016 | 31 | 7.00% | 32839 | $ 1,107.48 | $ 117.20 | $ 990.28 | $ 18,722.66 |
| 7 | $ 18,722.66 | 04/21/2016 | 5/23/2016 | 32 | 7.00% | 32909 | $ 1,107.48 | $ 114.90 | $ 992.58 | $ 17,730.08 |
| 8 | $ 17,730.08 | 05/23/2016 | 6/23/2016 | 31 | 7.00% | 32959 | $ 1,107.48 | $ 105.41 | $ 1,002.07 | $ 16,728.01 |
| 9 | $ 16,728.01 | 06/23/2016 | 7/26/2016 | 33 | 7.00% | 33031 | $ 1,107.48 | $ 105.87 | $ 1,001.61 | $ 15,726.40 |
| 10 | $ 15,726.40 | 07/26/2016 | 8/23/2016 | 28 | 7.00% | 33114 | $ 1,107.48 | $ 84.45 | $ 1,023.03 | $ 14,703.36 |
| 11 | $ 14,703.36 | 08/23/2016 | 9/20/2016 | 28 | 7.00% | 33213 | $ 1,107.48 | $ 78.96 | $ 1,028.52 | $ 13,674.84 |
| 12 | $ 13,674.84 | 09/20/2016 | 10/24/2016 | 34 | 7.00% | 33370 | $ 1,107.48 | $ 89.17 | $ 1,018.31 | $ 12,656.53 |
| 13 | $ 12,656.53 | 10/24/2016 | 11/21/2016 | 28 | 7.00% | 33534 | $ 1,107.48 | $ 67.96 | $ 1,039.52 | $ 11,617.01 |
| 14 | $ 11,617.01 | 11/21/2016 | 12/21/2016 | 30 | 7.00% | 33704 | $ 1,107.48 | $ 66.84 | $ 1,040.64 | $ 10,576.37 |
| 15 | $ 10,576.37 | 12/21/2016 | 1/23/2017 | 33 | 7.00% | 33834 | $ 1,107.48 | $ 66.94 | $ 1,040.54 | $ 9,535.82 |
| 16 | $ 9,535.82 | 01/23/2017 | 2/23/2017 | 31 | 7.00% | 33926 | $ 1,107.48 | $ 56.69 | $ 1,050.79 | $ 8,485.04 |
| 17 | $ 8,485.04 | 02/23/2017 | 3/22/2017 | 27 | 7.00% | 33993 | $ 1,107.48 | $ 43.94 | $ 1,063.54 | $ 7,421.49 |
| 18 | $ 7,421.49 | 03/22/2017 | 4/25/2017 | 34 | 7.00% | 34071 | $ 1,107.48 | $ 48.39 | $ 1,059.09 | $ 6,362.40 |
| 19 | $ 6,362.40 | 04/25/2017 | 5/25/2017 | 30 | 7.00% | 34128 | $ 1,107.48 | $ 36.61 | $ 1,070.87 | $ 5,291.53 |
| 20 | $ 5,291.53 | 05/25/2017 | 6/23/2017 | 29 | 7.00% | 34215 | $ 1,107.48 | $ 29.43 | $ 1,078.05 | $ 4,213.48 |
| 21 | $ 4,213.48 | 06/23/2017 | 7/21/2017 | 28 | 7.00% | 34315 | $ 1,107.48 | $ 22.63 | $ 1,084.85 | $ 3,128.63 |
| 22 | $ 3,128.63 | 07/21/2017 | 8/22/2017 | 32 | 7.00% | 34504 | $ 1,107.48 | $ 19.20 | $ 1,088.28 | $ 2,040.35 |
| 23 | $ 2,040.35 | 08/22/2017 | 9/22/2017 | 31 | 7.00% | 34611 | $ 1,107.48 | $ 12.13 | $ 1,095.35 | $ 945.00 |
| See Note 4 | $ 945.00 | 09/22/2017 | 10/13/2017 | 21 | 7.00% | N/A | $ (27,884.70) | $ 3.81 | $ (27,888.51) | $ 28,833.50 |
| 24 | $ 28,833.50 | 10/13/2017 | 10/25/2017 | 12 | 7.00% | 34736 | $ 1,107.42 | $ 66.36 | $ 1,041.06 | $ 27,792.44 |
| N/A | $ 27,792.44 | 10/25/2017 | 1/15/2019 | 447 | 7.00% | N/A | $ - | $ 2,382.54 | $ (2,382.54) | $ 30,174.97 |

| | |
|---|---|
| NOD Charges | $ 600.00 |
| NOD Charges- Payments | $ (300.00) |
| **Current Judgment Balance** | **$ 30,474.97** |

**NOTES**

1 Notice of Default ("NOD") mailed on April 15, 2016 for failure to pay February 2016 contributions. Cured on April 25, 2016, paid $150 NOD charge.

2 NOD mailed on August 31, 2016 for March - June 2016 contribution shortages. Not cured with 10 day notice period.
Following lawsuit, the 8/31/16 NOD was finally cured on 2/14/2017 with a payment, Trusts agreed to allow Practical Flooring to resume payment plan.

3 NOD mailed on May 24, 2017 for failure to pay 19th payment (due 5/21/17) and January - March 2017 reports. 19th Judgment payment was
submitted on May 25, 2017, but Jan - March shortages were not timely cured within 10 day notice period.

4 NOD mailed on October 13, 2017 for April - August 2017 contribution shortages. Not timely cured.

# EXHIBIT 2

## Practical Flooring, Inc. - 320925

*January 2017 - November 2018 Account Charges and Payment Tracking*

*Updated 1/10/2018*

| Work-month | Class | Starting Balance | Contributions Due | Wages Due (Audit) | Interest Assessed | LD's Assessed | Attorney's Fees & Costs Incurred | Audit Fees & Costs Incurred | Payment Amount | Net Charges & Payments (L+M+N+O+P+Q-R) | Ending Balance (K+S) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/2017 | PFC | $ - | $ 17,394.64 | $ - | $ 47.37 | $ 1,189.05 | $ 4,029.39 | $ - | $ 17,394.65 | $ 5,265.80 | $ 5,265.80 |
| 01/2017 | MH | $ 5,265.80 | $ 3,107.39 | $ - | $ 9.87 | $ 174.94 | $ - | $ - | $ 3,107.39 | $ 184.81 | $ 5,450.61 |
| 02/2017 | PFC | $ 5,450.61 | $ 12,984.29 | $ - | $ 21.62 | $ - | $ 2,327.91 | $ - | $ 12,722.25 | $ 2,611.57 | $ 8,062.18 |
| 02/2017 | MH | $ 8,062.18 | $ 1,538.54 | $ - | $ - | $ - | $ - | $ - | $ 1,538.54 | $ - | $ 8,062.18 |
| 03/2017 | PFC | $ 8,062.18 | $ 11,024.21 | $ - | $ 126.28 | $ 802.70 | $ 790.06 | $ - | $ 10,958.72 | $ 1,784.53 | $ 9,846.71 |
| 03/2017 | MH | $ 9,846.71 | $ 610.53 | $ - | $ 6.77 | $ 114.87 | $ - | $ - | $ 758.42 | $ (26.25) | $ 9,820.46 |
| 04/2017 | PFC | $ 9,820.46 | $ 6,457.02 | $ - | $ 193.58 | $ 634.61 | $ 197.23 | $ - | $ 10,312.10 | $ (2,829.66) | $ 6,990.80 |
| 04/2017 | MH | $ 6,990.80 | $ 833.05 | $ - | $ 4.19 | $ 120.08 | $ - | $ - | $ 833.05 | $ 124.27 | $ 7,115.07 |
| 05/2017 | PFC | $ 7,115.07 | $ 7,810.03 | $ - | $ 182.91 | $ 721.99 | $ 377.77 | $ - | $ 7,810.03 | $ 1,282.67 | $ 8,397.74 |
| 05/2017 | MH | $ 8,397.74 | $ 1,038.45 | $ - | $ 29.36 | $ 125.84 | $ - | $ - | $ 1,038.45 | $ 155.20 | $ 8,552.94 |
| 06/2017 | PFC | $ 8,552.94 | $ 29,091.60 | $ - | $ 492.72 | $ 146.12 | $ 459.85 | $ - | $ 10,173.93 | $ 20,016.36 | $ 28,569.30 |
| 06/2017 | MH | $ 28,569.30 | $ 2,629.99 | $ - | $ 77.86 | $ 165.46 | $ - | $ - | $ - | $ 2,873.31 | $ 31,442.61 |
| 07/2017 | PFC | $ 31,442.61 | $ 25,521.63 | $ - | $ 333.23 | $ 72.75 | $ 2,251.16 | $ - | $ 16,968.30 | $ 11,210.47 | $ 42,653.08 |
| 07/2017 | MH | $ 42,653.08 | $ 2,002.48 | $ - | $ 52.02 | $ 149.56 | $ - | $ - | $ - | $ 2,204.06 | $ 44,857.14 |
| 07/2017 | PFC | $ 44,857.14 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,647.82 | $ (1,647.82) | $ 43,209.32 |
| 07/2017 | PFC | $ 43,209.32 | $ - | | $ - | $ - | $ - | $ - | $ 6,565.02 | $ (6,565.02) | $ 36,644.30 |
| 08/2017 | PFC | $ 36,644.30 | $ 21,653.00 | $ - | $ 79.58 | $ 1,428.75 | $ 1,233.01 | $ - | $ 10,230.33 | $ 14,164.01 | $ 50,808.31 |
| 08/2017 | PFC | $ 50,808.31 | $ - | | $ - | $ - | $ - | $ - | $ 11,422.67 | $ (11,422.67) | $ 39,385.64 |
| 08/2017 | MH | $ 39,385.64 | $ 3,589.82 | $ - | $ 15.18 | $ 185.80 | $ - | $ - | $ 3,589.82 | $ 200.98 | $ 39,586.62 |
| 09/2017 | PFC | $ 39,586.62 | $ 11,392.10 | $ - | $ - | $ - | $ 857.60 | $ - | $ 728.00 | $ 11,521.70 | $ 51,108.32 |
| 09/2017 | PFC | $ 51,108.32 | $ - | | $ - | $ - | $ - | $ - | $ 10,664.10 | $ (10,664.10) | $ 40,444.22 |
| 09/2017 | MH | $ 40,444.22 | $ 2,272.68 | $ - | $ - | $ - | $ - | $ - | $ 2,272.68 | $ - | $ 40,444.22 |
| 10/2017 | PFC | $ 40,444.22 | $ 6,439.52 | $ - | $ - | $ 493.12 | $ 1,768.17 | $ - | $ - | $ 8,700.81 | $ 49,145.03 |
| 10/2017 | MH | $ 49,145.03 | $ 2,338.85 | $ - | $ 4.32 | $ 155.89 | $ - | $ - | $ - | $ 2,499.06 | $ 51,644.09 |
| 11/2017 | PFC | $ 51,644.09 | $ 25,242.05 | $ - | $ 97.31 | $ 43.15 | $ 964.77 | $ - | $ 12,100.00 | $ 14,247.28 | $ 65,891.37 |
| 11/2017 | MH | $ 65,891.37 | $ 8,154.96 | $ - | $ 25.19 | $ 2.12 | $ - | $ - | $ 5,291.97 | $ 2,890.30 | $ 68,781.67 |
| 12/2017 | PFC | $ 68,781.67 | $ 29,985.16 | $ - | $ 135.02 | $ 36.35 | $ 482.35 | $ - | $ 19,245.00 | $ 11,393.88 | $ 80,175.55 |
| 12/2017 | MH | $ 80,175.55 | $ 10,284.56 | $ - | $ - | $ - | $ - | $ - | $ 24,893.00 | $ (14,608.44) | $ 65,567.11 |
| 12/2017 | PFC | $ 65,567.11 | $ - | $ - | $ - | $ - | $ - | $ - | $ 16,673.00 | $ (16,673.00) | $ 48,894.11 |
| 01/2018 | PFC | $ 48,894.11 | $ 27,947.24 | $ - | $ 37.76 | $ - | $ 376.70 | $ - | $ 18,377.00 | $ 9,984.70 | $ 58,878.81 |
| 01/2018 | MH | $ 58,878.81 | $ 7,914.80 | $ - | $ - | $ - | $ - | $ - | $ 2,963.00 | $ 4,951.80 | $ 63,830.61 |
| 02/2018 | PFC | $ 63,830.61 | $ 29,831.87 | $ - | $ - | $ - | $ 661.29 | $ - | $ 20,264.00 | $ 10,229.16 | $ 74,059.77 |
| 02/2018 | MH | $ 74,059.77 | $ 8,110.22 | $ - | $ - | $ - | $ - | $ - | $ 16,957.00 | $ (8,846.78) | $ 65,212.99 |
| 03/2018 | PFC | $ 65,212.99 | $ 14,640.55 | $ - | $ 46.61 | $ 986.36 | $ 1,012.35 | $ - | $ - | $ 16,685.87 | $ 81,898.86 |
| 03/2018 | MH | $ 81,898.86 | $ 2,649.67 | $ - | $ 9.68 | $ 162.49 | $ - | $ - | $ - | $ 2,821.84 | $ 84,720.70 |
| 2016-17 Audit Billing | ALL | $ 8,393.38 | $ 8,278.24 | $ 2,878.03 | $ 962.46 | $ 3,098.91 | $ - | $ 6,532.50 | $ - | $ 21,750.14 | $ 30,143.52 |
| 04/2018 | PFC | $ 84,720.70 | $ 7,707.13 | $ - | $ - | $ - | $ 1,304.18 | $ - | $ 56,419.00 | $ (47,407.69) | $ 37,313.01 |
| 04/2018 | MH | $ 37,313.01 | $ 646.37 | $ - | $ - | $ - | $ - | $ - | $ 29,566.00 | $ (28,919.63) | $ 8,393.38 |
| 05/2018 | PFC | $ 30,143.52 | $ 4,650.10 | $ - | $ 58.07 | $ 389.34 | $ 1,250.58 | $ - | $ 5,777.74 | $ 570.35 | $ 30,713.87 |
| 06/2018 | PFC | $ 30,713.87 | $ 5,856.20 | $ - | $ - | $ - | $ - | $ - | $ 4,571.83 | $ 1,284.37 | $ 31,998.24 |
| 07/2018 | PFC | $ 31,998.24 | $ 5,329.75 | $ - | $ - | $ - | $ 375.14 | $ - | $ 5,348.00 | $ 356.89 | $ 32,355.13 |
| 08/2018 | PFC | $ 32,355.13 | $ 4,862.92 | $ - | $ - | $ - | $ 745.96 | $ - | $ 4,924.00 | $ 684.88 | $ 33,040.01 |
| 08/2018 | MH | $ 33,040.01 | $ 125.37 | $ - | $ - | $ - | $ - | $ - | $ - | $ 125.37 | $ 33,165.38 |
| 09/2018 | PFC | $ 33,165.38 | $ 9,865.68 | $ - | $ - | $ - | $ 788.66 | $ - | $ 9,803.00 | $ 851.34 | $ 34,016.72 |
| 09/2018 | PFC | $ 34,016.72 | $ 463.08 | $ - | $ - | $ - | $ - | $ - | $ 465.00 | $ (1.92) | $ 34,014.80 |
| 10/2018 | PFC | $ 34,014.80 | $ 11,334.30 | $ - | $ - | $ - | $ 2,252.00 | $ - | $ 11,335.00 | $ 2,251.30 | $ 36,266.10 |
| 10/2018 | MH | $ 36,266.10 | $ 723.60 | $ - | $ - | $ - | $ - | $ - | $ 725.00 | $ (1.40) | $ 36,264.70 |
| 11/2018 | PFC | $ 36,264.70 | $ 10,145.34 | $ - | $ - | $ - | $ 1,858.46 | $ - | $ 10,085.00 | $ 1,918.80 | $ 38,183.50 |
| 11/2018 | MH | $ 38,183.50 | $ 2,167.00 | $ - | $ - | $ - | $ 375.15 | $ - | $ 2,167.00 | $ 375.15 | **$38,558.65** |
| | | | $ 406,645.98 | $ 2,878.03 | $ 3,048.96 | $11,400.25 | $ 26,739.74 | $ 6,532.50 | $ 418,686.81 | | |